[PHILADELPHIA, APRIL 22D, 1841.]

### ⁂ COMMONWEALTH *against* SPARKS and Others.

#### QUO WARRANTO.

1. The court refused to give a preference to the argument of a demurrer to a plea in *quo warranto;* though the office was an annual one.
2. In a *quo warranto* against three to show why they claimed to exercise the office of directors of a bank, one of the defendants disclaimed, and judgment of ouster was given against him. The other two pleaded to issue: *Held*, that this was not a case within the 13th section of the act of the 13th of April, 1840, authorising the court, in case judgment of ouster is given, to decree that the office shall be held by the relators, &c.

In this case, which was a *quo warranto* to Thomas Sparks, Hugh O'Donnel, and D. Henry Flickwir, to show by what authority they claimed to exercise the office of directors of the South-wark Bank, Mr. *F. W. Hubbell* applied to the court to fix a special day for the argument of a demurrer to the plea of two of the defendants, Sparks and O'Donnel. He said that Flickwir, the other defendant, had disclaimed, and a judgment of ouster had been given against him. This was an annual office; and if the opinion of the court upon the points raised by the demurrer could not be obtained until the cause was reached in its order on the list, the term of office would probably expire.

THE COURT having declined to make any order for a special hearing of this case, Mr. *Hubbell* applied for a rule to show cause why Mr. B. Tevis should not be substituted for Mr. D. H. Flickwir, against whom judgment of ouster was given. He referred to the acts of the 14th of June, 1836, and 13th of April, 1840.

The opinion of the court was delivered by

(Commonwealth *v.* Sparks.)

ROGERS, J.—The commonwealth, on the suggestion of B. Tevis, prays judgment of ouster against the respondents, and for a further decree as to the title of the relator, and two others, Walter Thompson and Robert M'Mullin. Two of the respondents plead to issue, and the cause is set down for argument on demurrer. One having disclaimed, a judgment of ouster is entered against him. The counsel for the relator moves the court that a day should be assigned for the argument of the demurrer; but the court, believing this is not a case which is entitled to any preference, refuse the motion. The direction in the 9th section of the act of the 14th of June, 1836, refers to the pleadings. It is directed in that section that the court shall make such orders in respect of the pleadings as may expedite the cause; but there is nothing which exempts the writ of *quo warranto* from the ordinary rules. Having failed in this application, "the relator moves for a rule to show cause why B. Tevis should not have the office of director of the Southwark Bank, in the place of D. H. Flickwir, against whom the judgment of ouster has been given." The motion is made on the authority of the 2d sect. of the act of the 13th of April, 1840. If Flickwir, against whom judgment was rendered, was the only respondent, it would be the duty of the court, under that act, to investigate the legality of the election of the relator. But the complaint is against three, and the judgment against one only, the others having pleaded to issue, which is still pending and undisposed of. We therefore think, we cannot determine the right of the relator until there is a final disposition of the complaint against all. "If judgment of ouster is given against the party in possession, the court may decree that the offices shall be held by the person or persons who they shall be of opinion is duly elected." But who is the party in possession within the meaning of the act? Not one, but the three against whom the complaint is made; and until judgment against all, it would be premature to enter into an investigation of the right of any. This we think is the reasonable construction of the act; and that any other construction would lead to embarrassment and difficulty. We are bound to determine not only the right of the relator, but of two others, who, it appears on the record, assert they were duly elected. For, although judgment of ouster is entered against one, it does not follow that the relator is elected, but the right to the office may be in one of the others. And the right would be passed upon without an opportunity of a hearing.

It is no where admitted in the pleadings, that the relator is entitled to the office: on the contrary, his title, as well as the others, is explicitly denied. And although on the hearing the relator may be entitled to judgment, this is not the time to enter into this question.

Motion refused.